IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROFIT POINT TAX TECHNOLOGIES, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> DPAD GROUP, LLP, JOHN MANNING, and DANIEL STEELE, <br><br> *Defendants.* | Civil Action No. 2:19-cv-698 <br><br> Hon. William S. Stickman, IV |

## ORDER OF COURT

Plaintiff Profit Tax Technologies, Inc. ("PPTT") filed this action against Defendants DPAD Group, LLP ("DPAD"), John Manning ("Manning"), and Daniel Steele ("Steele") (collectively, "Defendants") on June 14, 2019. (ECF No. 1). In its Complaint, PPTT asserted eleven claims: Breach of Contract (Count I); Breach of Fiduciary Duty (Count II); Misappropriation of Trade Secrets pursuant to the Defend Trade Secrets Act (Count III); Misappropriation of Trade Secrets pursuant to the Pennsylvania Uniform Trade Secrets Act (Count IV); Unfair Competition (Count V); Unjust Enrichment (Count VI); Tortious Interference with Prospective Contractual Relations (Count VII); Conversion (Count VIII); Intentional Misrepresentation (Count IX); Negligent Misrepresentation (Count X); and a claim for an accounting (Count XI). Counts I and II are asserted against Manning and Steele only, and the remaining claims are asserted against all Defendants.

Defendants filed a Motion to Dismiss (ECF No. 15), and after a Report and Recommendation was filed by Magistrate Judge Maureen P. Kelly on January 29, 2020 giving

the parties until February 12, 2020 to file written objections thereto, and no Objections having been filed, and upon independent review of the record, the Court adopted Magistrate Judge Kelly's Report and Recommendation as its Opinion. It granted in part and denied in part Defendants' Motion to Dismiss (ECF No. 15). More specifically, it granted the motion to dismiss with respect to Counts I, III, IV, IX, X and XI. These claims were dismissed without prejudice and with leave for Plaintiff to amend the Complaint, as appropriate, given the apparent discrepancies between Plaintiff's arguments in its pleadings and the facts as alleged in the Complaint. The Motion to Dismiss was denied with respect to the remaining claims.

PPTT filed a First Amended Complaint on March 6, 2020. (ECF No. 27). PPTT has now asserted seven claims: Breach of Contract (Count I); Breach of Fiduciary Duty (Count II); Unjust Enrichment (Count III); Tortious Interference with Prospective Contractual Relations (Count IV); Conversion (Count V); Intentional Misrepresentation (Count VI); and Negligent Misrepresentation (Count VII). Defendants filed a Motion to Dismiss the First Amended Complaint and supporting Brief. (ECF Nos. 32 and 33). Magistrate Judge Kelly issued her Report and Recommendation on June 2, 2020, recommending that: (A) Counts IV and V against all Defendants be dismissed pursuant to the gist of the action doctrine; (B) Count III be dismissed with respect to Manning and Steele as (i) the Revenue Sharing Agreement alleged governed the relationship between these parties and PPTT, and, therefore, PPTT's claim in quasi-contract is precluded, and (ii) PPTT failed to meet the conditions to plead this claim in the alternative; and (C) the other counts be permitted to proceed. (ECF No. 70). The parties had until June 16, 2020 to file written objections. (ECF No. 70).

Defendants/Counter-Plaintiffs filed timely Objections. (ECF No. 80). Essentially, they believe that the First Amended Complaint should be dismissed in its entirety. Defendants fault

Magistrate Judge Kelly for: (A) relying on deficient claims of fraud and recommending that the breach of contract and tort claims were not barred by the February 2, 2016 Release; (B) after looking past the release, recommending that Plaintiff adequately pled a breach of contract claim with respect to the oral Agreement; (C) recommending that Plaintiff adequately alleged a breach of fiduciary duty claim and that such a claim was not barred by the gist of the action doctrine; and; (D) recommending that Plaintiff's negligent misrepresentation claim is not barred by the gist of the action doctrine.

PPTT also filed timely Objections. (ECF No. 82). It takes issue with Magistrate Judge Kelly's recommendation that Count III should be dismissed as to Defendants Manning and Steele and that Counts IV and V should be dismissed against all Defendants. According to PPTT, it is too early to dismiss these claims on the basis of gist of the action doctrine, and these counts should be permitted to proceed as alternative legal theories to its breach of contract claim. Lastly, PPTT submits that Counts IV and V stand on their own merit, separate and apart from the breach of contract claim.

Defendants filed a Notice of Supplemental Authority in further Support of its Objections to Magistrate Judge Kelly's Report and Recommendation. (ECF No. 84). They have directed the Court to an opinion issued by a colleague, the Honorable Nicholas R. Ranjan, in the case of *The Claude Worthington Benedum Foundation v. Bank of N.Y. Mellon* (2:19-cv-00132), believing the Court should consider it and reach the same result because the Release bars all claims.

Then, PPTT filed a Response in Opposition to Defendants' Objections to Magistrate Judge Kelly's Report and Recommendation. (ECF No. 87). Essentially, they contend that Defendants' arguments in their Objections are unpersuasive and reiterate their argument that the

3

Court should adopt the rulings issued by Magistrate Judge Kelly in her Report and Recommendation, with the exception of her rulings regarding recommended dismissal of Count III as related to Defendants Manning and Steele, Count IV and Count V. PPTT filed a Response in Opposition to Notice of Supplemental Authority in further Support of its Objections. (ECF No. 88). In it, PPTT contends the *Benedum* case is inapposite to this case. These filings then prompted Defendants to file a Response in Opposition to PPTT's Objections. (ECF No. 89).

After its independent *de novo* review of the entire record, including the pleadings at issue and the parties' respective arguments, the Court hereby DENIES both parties' Objections (ECF Nos. 81 and 82) and ADOPTS Magistrate Judge Kelly's Report and Recommendation (ECF No. 70) as its opinion. The Court agrees with the analysis of the issues and legal conclusions reached by Magistrate Judge Kelly. Magistrate Judge Kelly's analysis aligns exactly with how the Court analyzed the issues and reached its decision in its *de novo* review. The Court issues the following order.

AND NOW, this **28** day of July 2020, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 32) is GRANTED IN PART and DENIED IN PART. The Motion to Dismiss is GRANTED with respect to Counts IV and V against all Defendants and Count III against John Manning and Daniel Steele. The motion is DENIED with respect to the remaining claims.

BY THE COURT:

*/s/ William S. Stickman, IV*
WILLIAM S. STICKMAN, IV
UNITED STATES DISTRICT JUDGE
