IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PROFIT POINT TAX TECHNOLOGIES, INC.,** | ) ) ) Case No. 19-cv-698 ) ) Judge Stickman ) ) ) ) ) |
| Plaintiff/Counterclaim-Defendant, | |
| v. | |
| **DPAD GROUP, LLP; JOHN MANNING; and DANIEL STEELE,** | |
| Defendants/Counterclaim-Plaintiffs. | |

**NON-PARTIES KENNETH URISH AND URISH POPECK'S OBJECTIONS TO ORDER COMPELLING DEPOSITION OF URISH POPECK DESIGNEE**

Under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72, non-parties Kenneth Urish and Urish Popeck & Co., LLC ("Urish Popeck") hereby file objections to the Order issued by Magistrate Judge Kelly compelling the deposition of Urish Popeck's corporate designee, ECF No. 176.  As explained in his response to the motion to compel filed by Profit Point Tax Technologies, Inc. ("PPTT"), Mr. Urish's medical condition does not allow him to sit for a deposition or prepare another designated witness to testify.  Mr. Urish is recovering from serious spinal surgery, and his treating physician opines that he will not be able to be deposed until at least February 2022.  Second, Mr. Urish's deposition is unnecessary and will not lead to the discovery of relevant information, especially in light of the extensive document production by Urish Popeck and the record evidence from Exelon's former Senior Vice President of Tax.  For these reasons, the Court should set aside Magistrate Judge Kelly's Order to the extent it compels the deposition of Urish Popeck's designee(s).

**I.     BACKGROUND**

Kenneth Urish is managing partner of Urish Popeck, a public accounting firm headquartered in Pittsburgh, Pennsylvania. Mr. Urish is 70 years old. Urish Popeck was involved in tax-related work with PPTT.

Beginning in October of 2020, PPTT informed Mr. Urish's counsel of its intent to depose Mr. Urish. ECF No. 170-2 at 4. Around that same time, PPTT served a subpoena upon Mr. Urish's company, Urish Popeck. In response to that subpoena, Urish Popeck produced more than 12,000 pages of documents. In November of 2020, PPTT sent Notices of Intent to Serve Subpoenas to Mr. Urish, but never served him with a subpoena. *See* ECF No. 170-2 at 5.

In response to PPTT's request to depose Mr. Urish, undersigned counsel immediately informed PPTT's counsel that Mr. Urish had a serious medical condition that did not allow for his deposition. In late November of 2020, Mr. Urish underwent extensive spine surgery. *See* Feb. 18, 2021 letter from Dr. Francis X. Solano, Jr., ECF No. 173 at 9. The surgery involved "revision of hardware in his lumbar sacral spine" and the implementation of rods for stabilization. *Id.* Mr. Urish's treating physician, Dr. Solano, reports that Mr. Urish is still recovering, and that he is "quite limited in his functional capabilities." *Id.* Dr. Solano states that it would be impossible for Mr. Urish to prepare for or sit for a deposition, and that he will be unable to do so until at least February of 2022. *Id.*

In the following months, Mr. Urish's counsel reiterated that his serious health condition did not allow for his deposition. Specifically, Mr. Urish's counsel communicated his medical condition to PPTT on the following occasions:

- On October 27, 2020, Mr. Urish's counsel indicated that he would be unavailable for deposition due to a "crucial medical appointment," ECF No. 170-4 at 6;

2

- On November 23, 2020, Mr. Urish's counsel informed PPTT that Mr. Urish was undergoing back surgery and that an extensive recovery would follow, ECF No. 170-5 at 3;
- On February 1, 2021, Mr. Urish's counsel again informed PPTT that he was still unavailable for deposition because of his medical condition, *see* Feb. 1, 2021 email from Kathleen Gallagher to David Willis, ECF No. 173 at 11;
- On February 9th, 10th, and 15th of 2021, Mr. Urish's counsel again reiterated that Mr. Urish was not able to be deposed, and again noted the severity of his medical condition, ECF No. 170-6 at 2, 5, 7.

In these same communications, Mr. Urish's counsel requested evidence that the subpoena was actually served, and requested a proffer regarding the testimony sought in Mr. Urish's deposition. *See* ECF No. 170-6 at 4. PPTT's counsel did not provide a detailed reply and instead filed this Motion to compel his deposition. Indeed, no subpoena was served on either Mr. Urish or Urish Popeck at the time the Magistrate Judge entered the Order.[1]

On February 17, 2021, PPTT filed a motion to compel the deposition of Mr. Urish. *See* ECF No. 170. Mr. Urish filed his response on February 24, 2021. *See* ECF No. 173. On March 1, 2021, Magistrate Judge Kelly entered an order ("the Order") denying the motion to compel Mr. Urish's deposition, but extending discovery to April 1, 2021 to complete the Rule 30(b)(6) deposition of Urish Popeck's designee(s). *See* ECF Nos. 176, 177. The deposition is limited to the following topics:

a. The payment of a finder's fee to Urish Popeck on the Excelon [sic] project;

b. The involvement of Urish Popeck, if any, in the marketing of the Excelon [sic] project;

c. The involvement of Urish Popeck in the Excelon [sic] project; and

d. Post-release (after February 2016) matters involving Urish Popeck

*See* ECF Nos. 176, 177.

---

[1] Counsel for PPTT emailed undersigned counsel a subpoena directed to Urish Popeck on March 12, 2021, requesting undersigned counsel to accept service. Mr. Urish and Urish Popeck file this response subject to and without waiving any jurisdictional defenses that may be raised.

3

Mr. Urish and Urish Popeck hereby timely file these Objections to the Order.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy." "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

"This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Fitch v. Giant Eagle, Inc.*, 2021 U.S. Dist. LEXIS 33416, at *4 (W.D. Pa. Feb. 23, 2021). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id.* "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885-2007, U.S. Dist. LEXIS 56733, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985)). "A magistrate's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 U.S. Dist. LEXIS 2312, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

## III. OBJECTIONS

### A. Urish Popeck Cannot Designate an Appropriate Representative or Properly Prepare Same due to Mr. Urish's Medical Condition

As the only individual with any knowledge of the topics set forth in the Hearing Memo, *see* ECF No. 177, Mr. Urish is the obvious choice as the only suitable designee of Urish Popeck.

4

But his medical condition prevents him from being deposed before February 2022, and likewise renders him unable to prepare any other designee who would lack the requisite knowledge of the identified topics. Thus, the Magistrate Judge erred in compelling Urish Popeck to designate a witness to testify by April 1, 2021.

Mr. Urish's medical condition does not allow him to be deposed. In late November of 2020, Mr. Urish underwent extensive spinal surgery. *See* ECF No. 173 at 9. Mr. Urish's treating physician noted, and his counsel has repeatedly informed PPTT's counsel, that Mr. Urish is still recovering from extensive spinal surgery. *Id.* Mr. Urish is unable to sit or stand for any significant period of time, and his condition does not allow him to prepare or sit for a deposition until he is fully recovered, which his physician opines will not occur for at least one year. *Id.*

Courts hold that a deposition will not be compelled where the deponent is unable to testify due to a diagnosed medical condition. *Coursey v. City of Camden*, 2009 U.S. Dist. LEXIS 30055 (D. N.J. Apr. 7, 2009) (noting that a deponent will not be compelled to testify at a deposition where he or she has a medical support for the deponent's medical condition); *accord SEC v. Children's Internet, Inc.*, No. C-06-6003, 2008 U.S. Dist. LEXIS 12186, at *3 (N.D. Cal. Feb. 7, 2008); *Schorr v. Briarwood Estates Ltd. P'ship*, 178 F.R.D. 488, 492 (N.D. Oh. Mar. 30, 1998) (ordering a deposition under special conditions where evidence from medical professionals indicated that plaintiff's mental health did not allow for a deposition).

That the Magistrate Judge permitted a deposition of Urish Popeck's designee, rather than Mr. Urish, does not solve the problem presented by Mr. Urish's medical condition. A designee "must testify about information known or reasonably available to the organization." *United States v. Brace*, No. 1:17-cv-6, 2019 U.S. Dist. LEXIS 173802, 2019 WL 4932889, at *3 (W.D. Pa. Oct. 7, 2019). "The designated deponent has a duty of being knowledgeable on the subject matter

5

identified in the area of inquiry." *Id.* at *4 (quoting *Ideal Aerosmith, Inc. v. Acutronic, USA, Inc.*, No. 07-1029, 2008 U.S. Dist. LEXIS 85619, 2008 WL 4693374, at *2 (W.D. Pa. Oct. 23, 2008)). Further, "a corporation must prepare its selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Id.*

Here, that task is all but impossible. Mr. Urish, as the only person with any knowledge regarding the topics outlined in the Hearing Memo, is unable to testify until February 2022. Likewise, no one else is able to prepare another deponent to adequately testify on those matters. The Magistrate Judge's order is thus clearly erroneous because it places an impossible burden on Urish Popeck: it cannot designate a witness with personal knowledge to testify by April 1, 2021, nor can Urish Popeck prepare another witness to testify adequately in that timeframe.

### B. Urish Popeck's Deposition Is Unnecessary and Will Not Lead to Discovery of Relevant Information

Even if Urish Popeck could designate a witness to adequately testify, Urish Popeck's deposition is not necessary to obtain relevant information in the above-captioned matter. The Magistrate Judge erred in burdening Urish Popeck with a Rule 30(b)(6) deposition under the circumstances.

Concerning Urish Popeck, PPTT's Amended Complaint states only that Defendant John Manning "used PPTT's former business partner Urish Popeck & Co. to secure introductions to Exelon's tax personnel." ECF No. 27 ¶ 13  "Once introduced to Exelon, Manning marketed a Section 199 tax project as a PPTT project." *Id.* ¶ 14.

The Magistrate Judge ordered Urish Popeck to designate a witness to testify regarding:

a. The payment of a finder's fee to Urish Popeck on the Excelon [sic] project;

b. The involvement of Urish Popeck, if any, in the marketing of the Excelon [sic] project;

c. The involvement of Urish Popeck in the Excelon [sic] project; and

6

  d. Post-release (after February 2016) matters involving Urish Popeck

*See* ECF Nos. 176, 177.

  But PPTT already knows the answers to these questions. In addition to Urish Popeck's document production in response to a subpoena, Thomas Terry has been deposed. Mr. Terry was a seventeen-year employee of Exelon (from April 2001 until his retirement in April 2018) who served as Vice President of Tax and Senior Vice President of Tax. *See* Dep. of T. Terry, attached as Ex. A, at 12. Mr. Terry—the only person with authority to engage outside tax service consulting companies for Exelon—had no recollection of PPTT ever providing services to Exelon. Ex. A at 21. Mr. Terry had never even heard of "Urish Popeck," and he denied that Urish Popeck introduced Mr. Manning and Mr. Steele to Exelon. *Id.* at 47.

  Simply stated, there is nothing to be gained from deposing Urish Popeck, especially considering the significant burden such a deposition would place on Urish Popeck in light of Mr. Urish's medical condition. This deposition is unnecessary to PPTT's prosecution of the case. The Magistrate Judge clearly erred in compelling the deposition of Urish Popeck's designee(s) on these topics. Accordingly, the Order should be set aside.

**IV. CONCLUSION**

  For the foregoing reasons, Kenneth Urish and Urish Popeck respectfully request that the Court set aside the Magistrate Judge's Order compelling the deposition of a Urish Popeck designee by April 1, 2021.

**PORTER WRIGHT MORRIS & ARTHUR LLP**

Dated: March 15, 2021  By: */s/ Kathleen A. Gallagher*
              Kathleen A. Gallagher (PA ID #37950)
              Russell D. Giancola (PA ID #200058)
              Daniel P. Wolfe (PA ID #326406)

        6 PPG Place, Third Floor
        Pittsburgh, PA  15222
        Phone: (412) 235-4500
        Fax: (412) 235-4510
        kgallagher@porterwright.com
        rgiancola@porterwright.com
        dwolfe@porterwright.com

*Counsel for non-parties Kenneth Urish and Urish Popeck & Co., LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PROFIT POINT TAX TECHNOLOGIES, INC.,** | ) )  ) Case No. 19-cv-698 |
| Plaintiff/Counterclaim-Defendant, | ) ) ) Judge Stickman |
| v. | ) ) |
| **DPAD GROUP, LLP; JOHN MANNING; and DANIEL STEELE,** | ) ) ) ) |
| Defendants/Counterclaim-Plaintiffs. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon all counsel of record via the CM/ECF electronic filing system of the Western District of Pennsylvania.

**PORTER WRIGHT MORRIS & ARTHUR LLP**

Dated: March 15, 2021      By:    */s/ Kathleen A. Gallagher*
Kathleen A. Gallagher (PA ID #37950)
Russell D. Giancola (PA ID #200058)
Daniel P. Wolfe (PA ID #326406)

6 PPG Place, Third Floor
Pittsburgh, PA 15222
Phone: (412) 235-4500
Fax: (412) 235-4510
kgallagher@porterwright.com
rgiancola@porterwright.com
dwolfe@porterwright.com

*Counsel for non-party Kenneth Urish and Urish Popeck & Co., LLC*