IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROFIT POINT TAX TECHNOLOGIES, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> DPAD GROUP, LLP, JOHN MANNING, and DANIEL STEELE, <br><br> *Defendants.* | Civil Action No. 2:19-cv-698 <br><br> Hon. William S. Stickman IV <br> Hon. Maureen P. Kelly |

## **MEMORANDUM ORDER**

Defendants, DPAD Group, LLP ("DPAD"), John Manning ("Manning"), and Daniel Steele ("Steele"), filed a Motion for Reconsideration (ECF No. 188) of the Court's April 22, 2021 Order (ECF No. 187) adopting Special Master Michael J. Betts' Report and Recommendation (ECF No. 179) and granting Plaintiff's Motion to Compel Forensic Examination (ECF No. 153) and Third Motion to Compel Forensic Examination (ECF No. 158). Defendants contend that reconsideration is warranted because the Court did not give them a hearing to object to the Report and Recommendation. In the alternative, Defendants ask that the Court certify its April 22, 2021 Order for appeal under 28 U.S.C. §1292(b) and issue a stay pending the Third Circuit's disposition of the appeal. Defendants' motion is denied on both grounds.

1) **Motion for Reconsideration**

There is no merit to Defendants' Motion for Reconsideration (ECF No. 188). It is

1

premised on misinterpretations and/or misstatements of both the applicable law and the record in this case. Defendants have surely not demonstrated that there has been "an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp.3d 292, 295 (M.D. Pa. 2016) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Indeed, the only "clear errors of law or fact" are in Defendants' Motion for Reconsideration itself.

a) **Defendants never asked for a hearing.**

As a threshold matter, Defendants misstate what they sought and what they now seek vis-à-vis a "hearing." They argue that the Court made a clear error in adopting the Report and Recommendation without granting them a hearing. They state that "[t]he Defendants requested a hearing on PPTT's Motions and the Defendants' Objections to the R&R[]" and that "[t]he Court denied . . . Defendants' request." (ECF No. 188 p. 4). This position is not consistent with their own filings.

While the ECF filing event, selected from the ECF menu, labeled Docket No. 184 as a Motion for Hearing, the document itself did not seek a hearing, it only sought oral argument. Defendants' titled the document:

**DEFENDANTS/COUNTER-PLAINTIFFS DPAD GROUP, LLP, JOHN MANNING AND DANIEL STEELE'S MOTION FOR ORAL ARGUMENT ON THEIR OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTIONS TO COMPEL FORENSIC EXAMINATION [ECF NO. 179]**

Nothing in the body of the motion asked for a hearing. The word "hearing" was never used in the motion. The motion repeatedly asked for exactly, and only, what it is titled—oral argument

on Defendants' substantial written Objections to the Report and Recommendation. The proposed order submitted with the Motion—i.e. Defendants' own framing of the requested relief—requested only oral argument:

### ORDER

   AND NOW, this ___ day of _____, 2021, upon consideration of Defendants/Counter-Plaintiffs DPAD Group, LLP, John Manning and Daniel Steele's Motion *for Video Oral Argument* on Their Objections to Report and Recommendation on Motions to Compel Forensic Examination [ECF No. 179] (the "Motion"), it is hereby ORDERED that the Motion is GRANTED. ***Oral Argument*** on PPTT's Motions and the Defendants' Objections to the Report and Recommendation is hereby ORDERED for _____, ___ 2021 at __:__ _.m.

(ECF No. 184-1) (emphasis added). While Defendants' Motion for Reconsideration cleverly attempts to recast the relief they sought as an "oral hearing" (ECF No. 188, *passim*), they cannot rewrite their previous filings, which sought only an oral argument.[1] It is well established that the decision to grant oral argument is within the sound discretion of the Court and that it is free to decide motions without oral argument. *See e.g.* Fed. R. Civ. P. 78(a)–(b) (providing that a court "may establish regular times and places for oral hearings on motions[,]" and a court "may provide for submitting and determining motions on briefs, ***without oral hearings***.") (emphasis added); *Grant v. Revera Inc.*, No. 12-5857, 2015 WL 4139602, at *2 (D.N.J. Jul. 8, 2015) (denying reconsideration and expressing that decision to deny oral argument at summary judgment was of no consequence); *Tomar Electronics Inc. v. Whelen Technologies. Inc.*, 819 F.

---

[1] Defendants slipped up in their Motion for Reconsideration and, reverting to their actual previous request, state that "***oral argument*** would highlight that . . . ." (ECF No. 188, p.7) (emphasis added). The bullet-pointed list of factors that "oral argument" would purportedly highlight only underscores the fact that Defendants did not, and are not, seeking a "hearing" to create an evidentiary record, but only an opportunity to orally argue the legal issues already presented at length in their Objections to the Report and Recommendation. *See* (ECF No. 188, p.7).

3

Supp. 871, 873 n.1 (D. Ariz. 1992) ("A district court has the discretion to rule on motions without a hearing."). The Court will not reconsider its purported denial of relief never sought. For this reason alone, the Court will deny the Defendants' Motion.

      **b)**       **There is no right to a hearing on objections to a report and recommendation.**

Defendants' Motion for Reconsideration is also premised on a misstatement of the law regarding the nature of a party's right to a hearing relating to objections to a report and recommendation. Their argument is based on selective reading of superseded caselaw. It cannot stand.

Defendants cite to a string of cases for the proposition that "[a]ll the Circuit Courts that have 'weighed in on the issue' have uniformly found that there is a right to an oral hearing at the behest of the objecting party." (ECF No. 188, pp. 5–6). All but one of the cited cases was decided before 2003 when Federal Rule of Civil Procedure 53 was "revised extensively to reflect changing practices in using masters." Fed. R. Civ. P. 53 advisory committee's notes (2003 Amendments). The overhaul of Rule 53 specifically amended the language relating to hearings. Prior to the 2003 Amendments, Rule 53 stated, in relevant part, that "[t]he court *after hearing* may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." Fed. R. Civ. P. 53(e)(2) (amended 2003). The post-amendment language of Rule 53 removed the term "after hearing" and simply states:

> **(1) *Opportunity for a Hearing; Action in General.*** In acting on a master's order, report or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions.

Fed. R. Civ. P. 53 (f)(1). Lest there be any doubt about the impact of removing the "after hearing" language from Rule 53, the Advisory Committee Notes explaining the 2003

4

Amendments unequivocally state: "***[t]he requirement that the court must afford an opportunity to be heard can be satisfied by taking written submissions when the court acts on the report without taking live testimony***." Fed. R. Civ. P. 53 advisory committee notes (2003 Amendments) (emphasis added).

Defendants relied upon only one case that was decided after the 2003 Amendments went into effect, *Wallace v. Skadden, Arps, Slate, Meagher & Flom, LLP*, 362 F.3d 810 (D.C. Cir. 2004). But Defendants' citation to *Wallace* is careful and self-servingly selective. It omits any citation to or mention of the language where the court recognized that Rule 53 had been amended to remove the requirement of a hearing, but was compelled to apply the pre-amendment Rule that was in place at the time of the district court's order. *Wallace*, 362 F.3d at 814 n. 4 ("Fed. R. Civ. P. 53 was substantially rewritten in 2003 but the revised version did not become effective until December 1, 2003, long after the district court's February 2003 decision."). In addition to the fact that it was decided under the pre-amendment rule, the citation to *Wallace* is also specious because it is critically distinguishable in that the district court there adopted the report and recommendation *sua sponte*, *id.* at 813, without providing *any* right to be heard, in writing or orally.[2]

Rule 53(f)(1), as currently in effect (and as has been in effect for the better part of two decades) requires only that a district court provide the parties notice and an opportunity to be heard on objections to a report and recommendation. Fed. R. Civ. P. 53(f)(1). As the

---

[2] Defendants' failure to mention the fact that the 2003 Amendments to Rule 53 removed the language mandating a hearing and expressly explained that a hearing is *not* required, along with their citation to pre-amendment caselaw as the foundation for their argument, and their selective and truncated citation to the *Wallace* decision, not only highlights the utter lack of merit of their position under the current law, but displays a troubling lack of candor that comes perilously close to the line drawn by Rule 11(b).

5

commentary states, this can "be satisfied by taking written submissions when the court acts on the report without taking live testimony." Fed. R. Civ. P. 53 advisory committee notes (2003 Amendments). *See also Arconic v. Novelis, Inc.*, No. 17-1434, 2021 WL 396778, at *1 (W.D. Pa. Feb. 4, 2021) (citing *Commissariat a l'Energie Atomique v. Samsung Electronics Co.*, 245 F.R.D. 177, 179 (D. Del. 2007)) ("The parties had a full and fair opportunity to be heard via the filing of their objections."). Defendants were unquestionably afforded notice and the opportunity to be heard on the Special Master's Report and Recommendation. One day after the filing of the Report and Recommendation, the Court issued a Scheduling Order (ECF No. 180) providing any party with twenty-one days to file any objections thereto. On March 25, 2021, Defendants filed their 27-page Objections (far exceeding the Court's page limits) setting forth a number of specific objections to the recommendations of the Special Master. (ECF No. 183). The objections were accompanied by a number of exhibits including declarations, emails, documentary exhibits and deposition excerpts that were offered in support of the arguments proffered. The notice and opportunity to be heard through their written submissions satisfied the Defendants' rights under Rule 53.[3] Their Motion to Reconsider has no merit and is denied.

**2) Motion for certification under 28 U.S.C. § 1292(b)**

Defendants' request for the Court to certify for interlocutory appeal the Order granting Plaintiffs' Motions to Compel under 28 U.S.C. § 1292(b) is also without merit. Certification under Section 1292(b) is an exception to the well-established final order doctrine and is to be granted only in extraordinary circumstances. It is premised on the recognition that appellate

---

[3] The bullet pointed topics that Defendants assert necessitate an "oral hearing" or "oral argument" at page 7 of the Motion for Reconsideration are merely reiterations of arguments that were already thoroughly briefed in their Opposition. Any putative "hearing" would merely retread the same arguments already made.

courts, generally, review issues arising in litigation at one time, after the entry of a final order. In other words, appellate courts cannot be expected to review piecemeal issues through the course of a case's progress through the trial court, even if those issues are important to the parties.

An issue may be certified for interlocutory appeal under Section 1292(b) if it (1) involves a controlling issue of law; (2) for which there is substantial ground for difference of opinion, and (3) which may materially advance the ultimate termination of the litigation if appealed immediately. *J.B. ex rel. Benjamin v. Fassnacht*, 801 F.3d 336, 339 n.8 (3d. Cir. 2015). The question of whether the Court should have required the forensic examination of Defendants' computers and ESI both to enforce their compliance with their obligations under Fed. R. Civ. P. 34 and as a sanction for violations of their obligations in discovery fails all three of the 1292(b) considerations.

A controlling issue of law is one that will end the litigation. *See Klingenhoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d. Cir. 1990). A controlling issue of law may also be found where the issue is "serious to the conduct of the litigation, either practically or legally." *Katz v. Carte Balance Corp.*, 496 F.2d 747, 755 (3d. Cir. 1974). Here, the Court's Order—a discovery order—cannot reasonably be characterized as a controlling issue of law on either basis.

As an initial point, there is no question that the Third Circuit's reversal of the Court's Order compelling the forensic examination is not outcome determinative. This is simply not a dispositive issue. Nor is it "serious to the conduct of the litigation, either practically or legally" as those terms must be construed with respect to certification under Section 1292(b). Whether the forensic examination should have been required was an issue completely unrelated to the substantive causes of action raised between the parties. Thus, while the forensic examination that the Court ordered may, or may not, lead to the discovery of evidence that is material to the

parties' claims and defenses, the examination itself is not intertwined with any controlling issue of law that would impact the litigation practically or legally vis-à-vis the claims and defenses asserted. While Defendants attempt to shoehorn the issue at bar into the form of one that would lend itself to certification, their interpretation of the "controlling question of law prong" when taken to its conclusion, would render every interlocutory decision reviewable. That is not the case.

Finally, the Court's Order did not remotely involve a pure issue of law that would lend itself to review for error of law. District courts are afforded great discretion in case management and over the scope and conduct of the discovery process. This is because discovery issues are, by their nature, fact specific. Here, the Court's adoption of the Special Master's Report and Recommendation and the Court's decision that a forensic examination was warranted in the context of the particular discovery dispute at issue would require the Third Circuit to review not a pure issue of law (much less one that is controlling), but the Court's exercise of its discretion in fact-laden and case-specific circumstances.[4]

Defendants' attempt to manufacture a substantial ground for difference of opinion also fails. Their contention that whether a district court may order a forensic examination is a novel question of law with unclear or conflicting authority is unsustainable in light of the fact that numerous district courts have ordered forensic examinations of computers and ESI. There is no question that doing so falls squarely within a district court's broad discretion over case management and the conduct of discovery. Indeed, to the extent that there is a dearth of

---

[4] Plaintiff's Brief in Opposition correctly points out that while Defendants cited to multiple cases in their argument that certification is warranted "they fail to cite to a single decision where an order concerning discovery was certified for interlocutory appeal under 28 U.S.C. § 12[92](b)." (ECF No. 192, p. 6). This highlights the incongruity of the certification process and discovery orders.

appellate authority formally addressing the topic, it can be viewed as stemming from the widespread recognition of the broad discretion that district judges have over the conduct of discovery. Moreover, as Plaintiff accurately points out, multiple cases have held that a forensic examination "may be ordered 'as a sanction after a litigant has failed to preserve evidence, equivocally responded to discovery or otherwise resisted discovery.'" *Marsulex Environmental Technologies v. Selip S.P.A.*, No. 15-269, 2019 WL 2184873 at *12 (M.D. Pa. May 21, 2019) (quoting *Brooks Grp. & Assocs., Inc. v. Levigne*, No. 12-2922, 2013 WL 3557258, at *2 (E.D. Pa. Jul. 15, 2013)) (collecting cases). Defendants may surely disagree with the Court's decision—that is their prerogative—but for the purposes of Section 1292(b), they cannot seriously point to a substantial difference of opinion as to whether the Court could, as a matter of law, make the decision ordering the forensic examination.

The final consideration of the Section 1292(b) analysis is whether an immediate appeal may materially advance the ultimate termination of the litigation. This consideration has already been addressed at length above. The discovery order at issue is not directly or indirectly dispositive. Reversal on this point will not terminate the litigation. Defendants generally argue that immediate appeal—and reversal—would simplify the issues, eliminate expense and allow them to file a motion for summary judgment earlier than if a forensic examination is provided. The Court finds no merit in these arguments—indeed, these very arguments could be raised for many interlocutory issues. An immediate appeal will not materially advance the termination of this litigation.

Defendants have failed to establish that immediate appeal is warranted under Section 1292(b). Their motion is, therefore, denied. Because the Court is not certifying its Order for immediate appeal, there are not grounds for a stay.

AND NOW, this 17th day of May 2021, Defendants' Motion for Reconsideration, or in the alternative, for Certification of Interlocutory Order Pursuant to 28 U.S.C. §1292(b), and for an Immediate Stay (ECF No. 188) is DENIED.

BY THE COURT:

/s/ William S. Stickman IV

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE