IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PROFIT POINT TAX TECHNOLOGIES,
INC.,

*Plaintiff,*

v.

DPAD GROUP, LLP, JOHN MANNING, and
DANIEL STEELE,

*Defendants.*

Civil Action No. 2:19-cv-698

Hon. William S. Stickman IV
Hon. Maureen P. Kelly

## ORDER OF COURT

Plaintiff, Profit Point Tax Technologies, Inc. ("PPTT"), a service company that works with companies to calculate income tax incentives for federal income tax purposes, is pursuing claims against Defendants DPAD Group, LLP ("DPAD"), John Manning ("Manning"), and Daniel Steele ("Steele") (collectively, "Defendants") as a result of a dispute over who is owed fees for specialized income tax services work performed. (ECF No. 27). Manning and Steele are tax professionals who provide services related to domestic activity deductions under Section 199 of the Internal Revenue Code. Steele became an independent contractor of PPTT in 2006 or 2007, and Manning became an independent contractor of PPTT in 2011. In May 2015, Manning and Steele formed their own tax services company, DPAD. PPTT's claims (Count I – Breach of Contract against Manning and Steele; Count II – Breach of Fiduciary Duty against Manning and Steele; Count III – Unjust Enrichment against DPAD; Count VI – Intentional Misrepresentation against Defendants; and Count VII – Negligent Misrepresentation against Defendants) arise from Defendants' alleged usurpation of PPTT's business through the use of PPTT's confidential information and other resources in soliciting PPTT's clients.

1

Defendants, in turn, are asserting counterclaims against PPTT and its sole shareholder, Patrick Sweet ("Sweet"), arising out of allegedly unpaid fees on tax services projects – the Hershey 2012, 2013 and 2014 projects; the Rockwater Energy Project; and the Zimmer Project. (ECF No. 101).  Manning and Steele bring two counterclaims for breach of contract under the January 2011 Revenue Sharing Agreement ("RSA") (Count I) and the February 2, 2016 Master Fee Splitting Agreement and Release (the "Release") (Count II).  (ECF No. 101).  In the event the Release is deemed invalid, Manning and Steele also brought two counterclaims in the alternative.  Count III raises claims for breach of the Release in the alternative under the RSA. Count IV is a similar unjust enrichment claim.  All counterclaims are brought against PPTT and Sweet except Count II, which is only asserted against PPTT.  (*Id.*).

Pending before the Court are two motions:  (1) Manning's and Steele's Motion for Summary Judgment on their Counterclaims (ECF No. 259);[1] and (2) PPTT's and Sweet's Motion for Summary Judgment (ECF No. 274).  The Honorable Maureen P. Kelly issued a Report and Recommendation recommending that the Court deny both motions.  (ECF No. 303).  The parties were given the opportunity to file Objections, and PPTT did so.  (ECF No. 305). DPAD, Manning and Steele then filed a Response to PPTT's Objections.  (ECF No. 307).

After its independent *de novo* review of the record and consideration of the pleadings of the parties, the Court hereby ADOPTS Magistrate Judge Kelly's Report and Recommendation as its Opinion.  The Court OVERRULES PPTT's objections.  It concurs with Magistrate Judge Kelly's thorough analysis of the counterclaims and her legal conclusions.  The Court holds that the breach of contract counterclaims – Count I (RSA) and Count II (Release) – will proceed to trial as there are material issues of fact that must be decided by a jury.  Further, it finds that

---

[1] DPAD joined the motion relative to Manning and Steele's counterclaims, but it has not actually asserted counterclaims in this action.  (ECF Nos. 101 and 259).

Counts I and II are not time barred. As to counterclaim Counts III and IV, which are premised on specific relief – invalidating the Release – that PPTT is seeking on its direct claims, they are now moot.

AND NOW, this _27_ day of February 2023, IT IS HEREBY ODERED that Manning and Steele's Motion for Summary Judgment on their Counterclaims (ECF No. 259) is DENIED. IT IS FURTHER ORDERED that PPTT's and Sweet's Motion for Summary Judgment (ECF No. 274) is DENIED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE