# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROFIT POINT TAX TECHNOLOGIES, INC., | Case No. 2:19-cv-00698-WSS-MPK |
| Plaintiff, | Filed Electronically |
| v. | |
| DPAD GROUP, LLP, JOHN MANNING and DANIEL STEELE, | |
| Defendants. | |
| DPAD GROUP, LLP, JOHN MANNING and DANIEL STEELE, | |
| Counter-Plaintiffs, | |
| v. | |
| PROFIT POINT TAX TECHNOLOGIES, INC. and PATRICK J. SWEET, | |
| Counter-Defendants. | |

**DEFENDANTS/COUNTER-PLAINTIFFS DPAD GROUP, LLP,
JOHN MANNING AND DANIEL STEELE'S BRIEF IN SUPPORT
OF MOTION FOR ATTORNEYS' FEES AND COSTS**

**REED SMITH LLP**

Brad A. Funari
Pa. I.D. No. 89575
Alex G. Mahfood
Pa. I.D. No. 324047
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3131

*Counsel for Defendants/Counter-Plaintiffs
DPAD Group, LLP, John Manning,
and Daniel Steele*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 1

I.     PROCEDURAL HISTORY.......................................................................................... 1

II.    REED SMITH LLP'S REPRESENTATION OF DEFENDANTS................................... 2

LEGAL STANDARD............................................................................................................. 4

ARGUMENT ......................................................................................................................... 5

I.     DEFENDANTS ARE "PREVAILING PARTIES" UNDER THE RELEASE. ................ 5

II.    THE RATES REED SMITH CHARGED DEFENDANTS ARE REASONABLE. ......... 6

III.   THE HOURS THAT REED SMITH SPENT WERE REASONABLY NECESSARY TO OBTAIN THE SUCCESSFUL OUTCOME FOR DEFENDANTS. ................................. 8

IV.    THE COSTS DEFENDANTS INCURRED ARE RECOVERABLE. ............................. 9

CONCLUSION...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abrams v. Lightolier Inc.*,
50 F.3d 1204 (3d Cir. 1995).................................................................................................10

*Apple Corps Ltd. v. Int'l Collectors Soc.*,
25 F. Supp. 2d 480 (D.N.J. 1998) .......................................................................................10

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*,
No. 3:02-CV-0134, 2016 WL 3522964 (M.D. Pa. June 28, 2016)......................................10

*Berkoben v. Aetna Life Ins. Co.*,
No. 2:12-cv-1677, 2014 WL 356959 (W.D. Pa. July 18, 2014)............................................7

*Bernback v. Greco*,
No. 06-4642, 2007 WL 108293 (3d Cir. Jan. 16, 2007)........................................................5

*Bleecker Charles Co. v. 350 Bleecker St. Apt. Corp.*,
212 F. Supp. 2d 226 (S.D.N.Y. 2002)...................................................................................8

*Blum v. Witco Chem. Corp.*,
828 F.2d 367 (3d Cir. 1987)...............................................................................................5, 6

*Clarendon Nat. Ins. Co. v. Advance Underwriting Managers Agency, Inc.*,
C.A. No. 06 Civ. 15361, 2011 WL 6153691 (S.D.N.Y. Dec. 8, 2011) ..................................9

*Drone Techs., Inc. v. Parrot S.A.*,
No. 14-cv-0111, 2015 WL 4545291 (W.D. Pa. July 28, 2015)..............................................9

*Gardner v. Clark*,
33 Pa. D. & C. 3d 662 (Pa. Com. Pl. 1985) ..........................................................................5

*Gillespie v. Dring*,
Civil Action No. 3:15-CV-00950, 2019 WL 5260381 (M.D. Pa. Oct. 17, 2019) ....................5

*Gillespie v. Dring*,
Nos. 19-2073 & 19-3582, No. 20-2080, 2022 U.S. App. LEXIS 14843 (3d
Cir. May 31, 2022)................................................................................................................6

*Gwendolyn L. v. Sch. Dist. of Philadelphia*,
No. 12-CV-0051, 2014 WL 2611041 (E.D. Pa. June 10, 2014)............................................7

*Interfaith Cmty. Org. v. Honeywell, Int'l, Inc.*,
426 F.3d 694 (3d Cir. 2005)...............................................................................................6, 9

*Krouse v. Am. Sterilizer Co.*,
    928 F. Supp. 543 (W.D. Pa. 1996)............................................................................................4

*Lenahan v. Sears, Roebuck & Co.*,
    No. 02-CV-0045, 2006 WL 2085282 (D.N.J. July 24, 2006).....................................................10

*Loughner v. Univ. of Pittsburgh*,
    260 F.3d 173 (3d Cir. 2001).....................................................................................................5

*Lynn v. Smith*,
    664 F. Supp. 929 (M.D. Pa. 1986).............................................................................................5

*McMullen v. Kutz*,
    985 A.2d 769 (Pa. 2009)...........................................................................................................4

*Medcom Holding Co. v. Baxter Travenol Labs., Inc.*,
    200 F.3d 518 (7th Cir. 1999) ....................................................................................................8

*Moffitt v. Tunkhannock Area Sch. Dist.*,
    No. 3:13-1519, 2017 WL 319154 (M.D. Pa. Jan. 20, 2017) .....................................................10

*OCE Bus. Sys., Inc. v. Slawter*,
    No. 88-8373, 1991 WL 137263 (E.D. Pa. July 19, 1991) ..........................................................8

*Orion Drilling Co. v. EQT Production Co.*,
    Civil Action No. 16-1516, 2019 WL 4267386 (W.D. Pa. Sept. 10, 2019)..............................7, 9

*Pittsburgh League of Young Voters Educ. Fund v. Port Auth. of Allegheny Cty.*,
    No. 02:06-cv-1064, 2012 WL 604156 (W.D. Pa. Feb. 12, 2012)...............................................9

*Profit Wize Marketing v. Wiest*,
    81 A.2d 1270 (Pa. Super. 2002)............................................................................................5, 6

*Rode v. Dellarciprete*,
    892 F.3d 1177 (3d Cir. 1990)........................................................................................4, 5, 6, 7

*Sandvik v. Intellectual Prop. AB v. Kennametal Inc.*,
    No. 02:10-cv-00654, 2013 WL 141193 (W.D. Pa. Jan. 11, 2013) .........................................8, 9

*ThermoLife Int'l, LLC v. D.P.S. Nutrition, Inc.*,
    Civil Action No. 15-273, 2016 WL 6916777 (W.D. Pa. Feb. 5, 2016)......................................7

*Toshiba Am. Med. Sys., Inc. v. Valley Open MRI and Diagnostic Ctr., Inc.*,
    674 Fed. App'x 130 (3d Cir. 2016).............................................................................................4

*Ursic v. Bethlehem Mines*,
    719 F.2d 670 (3d Cir. 1983).......................................................................................................9

*Washington v. Philadelphia Cty. Court of Common Pleas*,
  89 F.3d 1031 (3d Cir. 1996)............................................................................................4

*Yong Soon Oh v. AT&T Corp.*,
  225 F.R.D. 142 (D.N.J. 2004).......................................................................................10

*Zavatchen v. RHF Holdings, Inc.*,
  907 A.2d 607 (Pa. Super. 2007).....................................................................................5

**Statutes**

12 Pa. C.S. § 5301(1) .......................................................................................................6

18 U.S.C § 1836(b)(3)(D)..................................................................................................6

**Rules**

Fed. R. Civ. P. 54(d) ............................................................................... *passim*

Fed. R. Civ. P. 58................................................................................................2, 6

**INTRODUCTION**

Defendant DPAD Group, LLP, John Manning, and Daniel Steele ("Defendants") file this Brief in Support of Motion for Attorneys' Fees and Costs (the "Motion") based on this Court's entry of judgment in Defendants' favor on Plaintiff Profit Point Tax Technologies, Inc.'s ("PPTT") claims against Defendants in the First Amended Complaint ("FAC"). ECF No. 313. The February 2, 2016 Master Fee Splitting Agreement and Release of Claims (the "Release") expressly provides for Defendants, as prevailing parties, to recover their reasonable attorneys' fees and costs incurred in defending against the FAC. ECF No. 263-24 ¶ 15. Therefore, pursuant to the Release, Pennsylvania law, and Fed. R. Civ. P. 54(d), the Court should award Defendants $976,710.37 in reasonable attorneys' fees and costs that they incurred in defending against the FAC.

**BACKGROUND**

**I.    PROCEDURAL HISTORY.**

The Court is familiar with this case's procedural history. PPTT filed suit on June 14, 2019. ECF No. 1. Defendants moved to dismiss the Complaint. ECF No. 15. The motion was granted in part and denied in part (ECF No. 23 and 24), and, in response, PPTT subsequently filed the FAC on March 6, 2020 (ECF No. 27). In the FAC, PPTT asserted claims for breach of contract (Count I), breach of fiduciary duty (Count II), unjust enrichment (Count III), tortious interference with contractual relations (Count IV), conversion (Count V), intentional misrepresentation (Count VI), and negligent misrepresentation (Count VII). ECF No. 27. Defendants again moved to dismiss the claims in the FAC. ECF No. 32. The motion was granted in part and denied in part. ECF No. 70, 100. Following the disposition of the motion to dismiss on the FAC, the remaining claims were Counts I, II, III, VI, and VII. ECF No. 27. ¶¶ 28-42, 52-61. Defendants filed an answer, affirmative defenses, and counterclaims. ECF No. 101. PPTT and Patrick J. Sweet ("Sweet") filed an answer to Defendants' counterclaims. ECF No. 110.

The Court entered a Case Management Order scheduling fact discovery to conclude by October 4, 2020. ECF No. 37. PPTT sought extensive discovery from Defendants and over thirty (30) third parties. Fact discovery was extended multiple times at PPTT's request, until April 1, 2021. ECF Nos. 125, 134, 150, 176. Limited discovery continued under the Court's direction relating to a forensic examination of Defendants' devices requested by PPTT. ECF No. 235. All fact discovery was completed by May 25, 2022. ECF No. 247 ¶ 5.

After fact discovery concluded, Defendants, among other motions, filed a motion for summary judgment as to the FAC. ECF Nos. 258-263. After further briefing on the motion (ECF Nos. 285, 292, 293, 297), Magistrate Judge Kelly issued a report and recommendation ("R&R") recommending that the motion be granted and the FAC be dismissed in its entirety. ECF No. 302. The Court adopted the R&R in its entirety and dismissed the FAC. ECF No. 311. The Court held that Count VI is barred by the statute of limitations and Counts I, II, III, and VII are barred by the Release and the alleged fraud does not support invalidating the Release. *Id.* at 2. On February 27, 2023, pursuant to Fed. R. Civ. P. 58, the Court entered judgment in favor of Defendants and against PPTT on the FAC. ECF No. 313. Defendants have filed the instant motion within fourteen (14) days as required by Fed. R. Civ. P. 54(d).

## II.    REED SMITH LLP'S REPRESENTATION OF DEFENDANTS.

Defendants are represented by Reed Smith LLP ("Reed Smith") in this matter. The terms and conditions of the Defendants engagement of Reed Smith provided for approved staffing and negotiated rates for all legal professionals. *See* Declaration of Brad A. Funari ("Funari Decl."), attached to Defendants' Appendix of Evidence in Support of the Motion (the "Appendix") as **Exhibit 1**, ¶ 11. Reed Smith's team of attorneys, led by partner Brad A. Funari, who has twenty years of experience litigating commercial, business, and shareholder disputes, performed extensive and well-coordinated work on this case. *Id.* ¶¶ 3-10. This work included drafting pleadings,

motions, briefs, and other papers, conducting legal research, propounding and responding to written discovery, managing discovery projects, including the review and analysis of a voluminous number of documents, preparing for and participating in depositions, and preparing for and participating in mediation, and preparing for and participating in Court-ordered conferences and arguments, among other work. *Id.* ¶ 10. The hours that Reed Smith's current and former attorneys worked on this case and the fees they billed may be summarized as follows:

| Name | Title | Current Negotiated Rate for Matter | Billed Hours | Billed Amount |
|---|---|---|---|---|
| Funari, Brad A. | Partner | 600.00 | 742.50 | 410,179.00 |
| Mahfood, Alex G. | Counsel | 400.00 | 602.50 | 217,330.00 |
| Del Greco, Ryan R. | E-Discovery Attorney | 275.00 | 84.20 | 21,050.00 |
| Ridenour, Melissa A. | E-Discovery Attorney | 195.00 | 61.10 | 11,303.50 |
| Worobij, John | Other Timekeeper | 200.00 | 45.30 | 9,074.00 |
| Alperstein, Daniel E. | Associate | 450.00 | 31.80 | 14,310.00 |
| Crawford, Mandy | Case Assistant | 250.00 | 29.20 | 6,852.50 |
| Whitecap, Bradley | E-Discovery Attorney | 375.00 | 26.00 | 7,762.50 |
| Richman, Rob | Other Timekeeper | 160.00 | 23.50 | 3,525.00 |
| Fairman, Todd | E-Discovery Attorney | 375.00 | 21.10 | 6,330.00 |
| Mihalich, Michael | Other Timekeeper | 200.00 | 19.10 | 3,820.00 |
| Hages, Ted A. | Associate | 300.00 | 15.90 | 4,770.00 |
| Caplan, Matthew A. | Associate | 425.00 | 10.80 | 4,590.00 |
| Costantinou, Emily C. | Associate | 300.00 | 9.90 | 2,970.00 |
| Tritschler, Robert J. | Associate | 350.00 | 7.50 | 2,465.00 |
| Cohen, David | Partner | 900.00 | 6.70 | 6,431.00 |
| Martin, James | Partner | 990.00 | 6.60 | 6,534.00 |
| Kelly, Shelley H. | Case Assistant | 200.00 | 6.50 | 1,300.00 |
| Licata, Tara | Paralegal | 310.00 | 1.00 | 310.00 |
| Sanroman, Enrique | Case Assistant | 200.00 | 0.60 | 120.00 |
| | | | **1,751.80** | **$741,026.50** |

*Id.* ¶ 8. In sum, Reed Smith performed 1,751.80 hours of work, amounting to $741,026.50 in fees, as detailed in the invoices concurrently filed with the Court. *Id.* ¶ 20. Reed Smith also incurred $147,197.37 in necessary costs and expenses on behalf of the Defendants, including for document review, travel for out-of-state depositions, deposition transcripts, mediation services, and data hosting fees. *Id.* ¶¶ 21-24. Defendants have paid 100 percent of these fees and costs, besides the

most recently issued invoices dated: (1) January 17, 2023, for $200.00 in fees; and (2) February

16, 2023, for $1,280.00 in fees and $5,005.28 in costs.  *Id.* ¶ 25.  Finally, Defendants incurred

$88,486.50 in fees from Charles River Associates ("CRA"), the forensic computer consultant

requested by PPTT and selected by the Court, over Defendants' objections, to forensically image

Defendants' devices.  *See* Declaration of John Manning ("Manning Decl."), attached to the

Appendix as **Exhibit 2**, ¶¶ 3-4.  Defendants have paid CRA 100 percent of these fees.  *Id.* ¶ 5.

## LEGAL STANDARD

Under Fed. R. Civ. P. 54(d), a party prevailing in an action may recover its costs related to

the litigation as provided by contract.  *See Krouse v. Am. Sterilizer Co.*, 928 F. Supp. 543, 545

(W.D. Pa. 1996) (citation omitted).  Under Pennsylvania law, which governs the Agreement, a

contract that provides for an award of attorneys' fees to the prevailing party is enforceable and

requires the trial court to determine the reasonableness of the fees.  *See McMullen v. Kutz*, 985

A.2d 769, 770, 777 (Pa. 2009).  The prevailing party has the burden to prove that its request for

fees is reasonable.  *See Rode v. Dellarciprete*, 892 F.3d 1177, 1183 (3d Cir. 1990).  To meet this

burden, the prevailing party must submit evidence supporting the hours worked and rates claimed.

*See id.*; *see also Washington v. Philadelphia Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d

Cir. 1996) (endorsing the lodestar method).  The district court must consider: (1) the amount and

character of the services performed; (2) the difficulty of the problems involved; (3) the amount of

money or value of the property in question; (4) the results obtained; (5) the professional skill and

standing of the attorney; (6) the nature and length of the litigation; (7) the responsibilities of the

parties in affecting the nature and length of the litigation; and (8) the competitiveness of the rate

and time expended.  *See Toshiba Am. Med. Sys., Inc. v. Valley Open MRI and Diagnostic Ctr.,*

*Inc.*, 674 Fed. App'x 130, 133 (3d Cir. 2016) (citations omitted).  The burden is then on the

opposing party to challenge the requested hours and fees, but, if it does so, it must do so with

sufficient specificity; specific, not vague, objections must be made. *See Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001). However, "[t]he district court cannot 'decrease a fee award based on factors not raised at all by the adverse party,'" the court has broad discretion to determine a fee award based on the circumstances of the case. *Rode*, 892 F.2d at 1183; *Bernback v. Greco*, No. 06-4642, 2007 WL 108293, at *4 (3d Cir. Jan. 16, 2007).

## ARGUMENT

### I.   DEFENDANTS ARE "PREVAILING PARTIES" UNDER THE RELEASE.

This Court entered judgment in Defendants' favor on the FAC and against PPTT. *See* ECF No. 313. Defendants are therefore "prevailing parties" within the meaning of the Release and are entitled to its reasonable attorneys' fees and costs. As noted above, Paragraph 15 of the Release states "[i]f suit is necessary to enforce any provision of [the Release], the prevailing Party or Parties shall be entitled to recover such costs of enforcement, including reasonable and necessary attorney's fees, against the non-prevailing Party or Parties." ECF No. 263-24 ¶ 15. Under Pennsylvania law, "prevailing party" "is commonly defined as 'a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" *Profit Wize Marketing v. Wiest*, 81 A.2d 1270, 1275 (Pa. Super. 2002) (quotations omitted). Courts routinely recognize that defendants prevailing at summary judgment are considered prevailing parties. *See, e.g.*, *Gillespie v. Dring*, Civil Action No. 3:15-CV-00950, 2019 WL 5260381, at *3 (M.D. Pa. Oct. 17, 2019) (citing *Gardner v. Clark*, 33 Pa. D. & C. 3d 662, 664-65 (Pa. Com. Pl. 1985); *Zavatchen v. RHF Holdings, Inc.*, 907 A.2d 607, 610-11 (Pa. Super. 2007); *Lynn v. Smith*, 664 F. Supp. 929, 929-30 (M.D. Pa. 1986)). The mere failure to be successful on certain motions is also insufficient to warrant a fee reduction. *See Blum v. Witco Chem. Corp.*, 828 F.2d 367, 378 (3d Cir. 1987).

In this case, PPTT filed suit alleging that Defendants procured the Release by fraudulent concealment, breached the Agreement, and committed other business torts. *See* ECF No. 27.

Defendants filed a motion for summary judgment on the FAC asserting arguments under, *inter alia*, the statute of limitations and enforcement of the plain language of the Release. *See* ECF Nos. 258-263. The Court granted Defendants' motion for summary judgment on the FAC in its entirety, including based on Defendants' enforcement of the plain language of the Release. ECF Nos. 302, 311. The Court then entered judgment in favor of Defendants and against PPTT under Fed. R. Civ. P. 58. ECF No. 313. Defendants are clearly "part[ies] in whose favor a judgment is rendered[.]" *See Wiest*, 81 A.2d at 1275; *Blum*, 828 F.2d at 378; ECF No. 313. This is true even though Defendants' Counterclaims against PPTT have yet to be tried (and regardless of their outcome) because a defendant who successfully defends against a plaintiff's suit but fails to recover on its counterclaims is still considered to be a prevailing party. *See Gillespie v. Dring*, Nos. 19-2073 & 19-3582, No. 20-2080, 2022 U.S. App. LEXIS 14843, at *4-*8 (3d Cir. May 31, 2022) (applying Pennsylvania law). Accordingly, Defendants are prevailing parties entitled to their reasonable attorneys' fees and costs under the Release and Pennsylvania law.[1]

## II.    THE RATES REED SMITH CHARGED DEFENDANTS ARE REASONABLE.

The hourly rates that Reed Smith charged Defendants in this case were reasonable and consistent with those charged in Pittsburgh for attorneys of similar skill and experience who litigate business disputes. A reasonable hourly rate is to be calculated according to the prevailing rates in the relevant community, which is the forum in which the suit is filed. *See Rode*, 892 F.2d at 1177; *Interfaith Cmty. Org. v. Honeywell, Int'l, Inc.*, 426 F.3d 694, 703-05 (3d Cir. 2005). The

---

[1] Moreover, in its original Complaint, PPTT pled meritless trade secret claims under the Pennsylvania Uniform Trade Secret Act ("PUTSA") and the Defend Trade Secrets Act ("DTSA"), which Magistrate Judge Kelly recommended dismissing based on PPTT's self-defeating allegations. *See* ECF Nos. 1, 15-16. PPTT never objected to Magistrate Judge Kelly's recommendation, which Judge Stickman adopted. *See* ECF Nos. 23-24. PPTT never re-pled these claims. *See* ECF No. 27. Clearly, PPTT asserted its trade secret claims in bad faith, and, under the PUTSA and the DTSA, Defendants are entitled to recover their attorneys' fees incurred in defending against these meritless claims. *See* 12 Pa. C.S. § 5301(1); 18 U.S.C § 1836(b)(3)(D).

hourly rate should: (1) take into account prevailing counsel's skill and experience, the nature of the dispute, and the complexity of the case; and (2) be evaluated in light of comparable practitioners. *See Rode*, 892 F.2d at 1183; *Berkoben v. Aetna Life Ins. Co.*, No. 2:12-cv-1677, 2014 WL 356959, at *18 (W.D. Pa. July 18, 2014). "The best evidence of the reasonable rate for an attorney's time is the customary billing rate for clients, which creates a presumption of reasonableness." *Gwendolyn L. v. Sch. Dist. of Philadelphia*, No. 12-CV-0051, 2014 WL 2611041, at *2 (E.D. Pa. June 10, 2014).

In this case, the hourly rates that Reed Smith charged the Defendants in this business dispute are reasonable. The hourly rates Reed Smith charged the Defendants for its experienced and skilled attorneys generally range from $400.00 to $600.00 (with much of the work being performed on this case at hourly rates ranging from $350.00 to $545.00). *See* Funari Decl. ¶¶ 5-8. The rates that Reed Smith charged the Defendants throughout this case were significantly less than the current standard hourly rates for the two lead Reed Smith attorneys working on this case, Brad A. Funari and Alex G. Mahfood, and are therefore presumptively reasonable. *See Gwendolyn L.*, 2014 WL 2611041, at *2. Furthermore, as described in the Declaration of Gerald J. Stubenhofer, Jr., Esq., attached to the Appendix as **Exhibit 3**, the rates Reed Smith charged to the Defendants in this case are reasonable rates for business litigation in the Pittsburgh market.

This Court and others in the Third Circuit regularly find that Reed Smith's rates for business disputes are reasonable. *See Orion Drilling Co. v. EQT Production Co.*, Civil Action No. 16-1516, 2019 WL 4267386, at *2, *5 (W.D. Pa. Sept. 10, 2019) (Kelly, M.J.) (noting that similar rates for some of the same Reed Smith attorneys as those in this case were "less than comparable rates for national and international complex commercial litigation firms based in Western Pennsylvania"); *ThermoLife Int'l, LLC v. D.P.S. Nutrition, Inc.*, Civil Action No. 15-273, 2016

WL 6916777, at \*5-\*6 (W.D. Pa. Feb. 5, 2016) (finding the discounted rates of two Reed Smith's partners, $688.50 and $594.00, respectively, to be reasonable in a patent infringement case); *Sandvik v. Intellectual Prop. AB v. Kennametal Inc.*, No. 02:10-cv-00654, 2013 WL 141193, at \*5 (W.D. Pa. Jan. 11, 2013) (relying on the prevailing rates in 2013 of Reed Smith attorneys for commercial litigation in Pittsburgh, Pennsylvania, which ranged from $266.00 to $700.00); *OCE Bus. Sys., Inc. v. Slawter*, No. 88-8373, 1991 WL 137263, at \*3 (E.D. Pa. July 19, 1991) (noting that "Reed Smith's clients include major commercial entities, able to pay premium rates for Reed Smith's representation" and finding Reed Smith's hourly rates to be "reasonable").

Moreover, the reasonableness of Reed Smith's rates is confirmed by the fact that the Defendants (two individuals and their closely-held professional services firm) have paid their negotiated fees.  *See* Funari. Decl. ¶ 25; *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 200 F.3d 518, 520 (7th Cir. 1999) ("If the bills were paid, this strongly implies that they meet market standards.  The fees in dispute here are not pie-in-the sky numbers that one litigant seeks to collect from a stranger but would never dream of paying itself.  These are bills that [the client] ***actually paid*** in the ordinary course of its business."); *Bleecker Charles Co. v. 350 Bleecker St. Apt. Corp.*, 212 F. Supp. 2d 226, 230-31 (S.D.N.Y. 2002) (noting that the client "chose ***these*** lawyers, agreed to be responsible for their fees, and paid them, without regard to whether the fees would be recovered at the end of the case." (emphasis original)).  In sum, as shown in the record and as recognized by this Court, the hourly rates that Reed Smith charged the Defendants are reasonable and provide a sufficient basis on which this Court may award fees.

## III.    THE HOURS THAT REED SMITH SPENT WERE REASONABLY NECESSARY TO OBTAIN THE SUCCESSFUL OUTCOME FOR DEFENDANTS.

The hours that Reed Smith expended in preparing this case for the successful outcome it obtained for the Defendants were reasonable and necessary.  A prevailing party may recover for

time reasonably expended but not time that was excessive, redundant, or unnecessary. *See Pittsburgh League of Young Voters Educ. Fund v. Port Auth. of Allegheny Cty.*, No. 02:06-cv-1064, 2012 WL 604156, at \*3 (W.D. Pa. Feb. 12, 2012). "The Court cannot reduce an award *sua sponte*. Rather, the opposing party must make specific objections." *Sandvik*, 2013 WL 141193, \*6 (citing *Interfaith Cmty.*, 426 F.3d at 711). "[T]he Court need not pore over every hour and minute billed but only make adjustments for unnecessary, unreasonable, or excessive fees." *Clarendon Nat. Ins. Co. v. Advance Underwriting Managers Agency, Inc.*, C.A. No. 06 Civ. 15361, 2011 WL 6153691, at \*2 (S.D.N.Y. Dec. 8, 2011). Indeed, when "a prevailing party has obtained excellent results, [its] attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation." *See Drone Techs., Inc. v. Parrot S.A.*, No. 14-cv-0111, 2015 WL 4545291, at \*2 (W.D. Pa. July 28, 2015) (subsequent history omitted).

Throughout the pendency of this case, Reed Smith expended reasonable and necessary efforts to obtain the desired outcome for Defendants. Reed Smith staffed this case appropriately and delegated and assigned tasks to different timekeepers based on their experience level. *See Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983). As this Court is aware, this case involved complex legal questions that required a thorough analysis of the FAC and detailed legal research, writing, electronic discovery, and advocacy. Reed Smith's expenditure of time in this case is more than reasonable in light of the complexity of the case and the successful outcome obtained for the Defendants. *See Orion*, 2019 WL 4267386, at \*4. In sum, Reed Smith should be awarded fees associated with all hours its attorneys worked on this case.

## IV.     THE COSTS DEFENDANTS INCURRED ARE RECOVERABLE.

The $147,197.37 in costs and expenses that Reed Smith incurred for Defendants and that were reimbursed by Defendants, as well as the $88,486.50 that Defendants incurred directly from CRA, are reasonable, necessary, and subject to recovery under the plain language of Fed. R. Civ.

P. 54(d) and the Agreement.  These standard business and litigation expenses, which mainly consist of document review, travel for out-of-state depositions, and deposition transcripts, are of the type routinely deemed recoverable by Courts in the Third Circuit law.  *See Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:02-CV-0134, 2016 WL 3522964, at *12 (M.D. Pa. June 28, 2016) (permitting recovery for "costs for postage, telephone, expert fees, travel, deposition transcripts, shipping, parking, lodging, and food."); *see also Moffitt v. Tunkhannock Area Sch. Dist.*, No. 3:13-1519, 2017 WL 319154, at *15 (M.D. Pa. Jan. 20, 2017).  These costs and expenses incurred by counsel are subject to the court's determination.  *See Apple Corps Ltd. v. Int'l Collectors Soc.*, 25 F. Supp. 2d 480, 497 (D.N.J. 1998) (citing *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995)).  Courts in the Third Circuit routinely award such expenses, including expert fees, as fair and reasonable.  *See Lenahan v. Sears, Roebuck & Co.*, No. 02-CV-0045, 2006 WL 2085282, at *22 (D.N.J. July 24, 2006) (citing *Yong Soon Oh v. AT&T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004)) (granting costs of legal research, travel, experts, mediators, and copying in a class action case).  This case is no exception, and Defendants should be awarded its costs.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants all of their reasonable attorneys' fees and costs, amounting to a total of $976,710.37 pursuant to Fed. R. Civ. P. 54(d), the plain language of the Release, and Pennsylvania law.  Defendants reserve their rights to and intend to file a supplement to this Motion seeking the recovery of additional attorneys' fees and costs invoiced since the last invoice for which Defendants seek recovery through this Motion.

Dated: March 13, 2023                                   **REED SMITH LLP**


                                                        /s/ Brad A. Funari
                                                        Brad A. Funari
                                                        Pa. I.D. No. 89575
                                                        Alex G. Mahfood
                                                        Pa. I.D. No. 324047
                                                        225 Fifth Avenue
                                                        Pittsburgh, PA 15222
                                                        (412) 288-3131

                                                        *Counsel for Defendants/Counter-Plaintiffs*
                                                        *DPAD Group, LLP, John Manning*
                                                        *and Daniel Steele*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*/s/ Brad A. Funari*